NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0086n.06
Filed: February 1, 2007

Case No. 06-5312

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JEFFREY EARL LAWHORN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| NORTEL NETWORKS, INC., *et al.*, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  MARTIN, BATCHELDER and McKEAGUE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Jeffrey Earl Lawhorn was employed by defendant Nortel Networks, which has a long term disability plan.  Nortel is the plan administrator, and Prudential Insurance is the claims administrator.  Mr. Lawhorn injured his back and was placed on short term disability.  He then applied for and received the first 18-month phase of long term disability, pursuant to the plan, but Prudential determined that he was ineligible for the second phase and terminated his benefits.  Mr. Lawhorn requested reconsideration, but Prudential concluded that he did not meet the "unable to perform any reasonable occupation" standard set forth in the plan.  Mr. Lawhorn appealed to Nortel, which upheld Prudential's decision.

Mr. Lawhorn sued in federal district court and the parties moved for judgment on the administrative record.  In its decision, the district court presented a seven-page summary of the administrative record, citing each of the medical opinions and often providing lengthy quotes.  Using the correct standard of review, and taking into account the conflict of interest that must be considered

where the employer is both the plan administrator and the plan's source of funding, the court analyzed the decision to determine whether it was arbitrary or capricious. Based on the administrative record, the court concluded that Nortel's decision to discontinue long term disability benefits was rational in light of the plan's provisions and therefore, not arbitrary or capricious.

After carefully reviewing the record, the law, and the parties' briefs, we conclude that the district court's opinion correctly sets out the applicable law and correctly applies that law to the facts in the administrative record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.